UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 11-20844-CIV-SEITZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ADALILA GARCIA-SCHNEIDER,

      Defendant.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff, the United States of America's Motion for Summary Judgment against Defendant, Adalila Garcia-Schneider [DE-8]. This claim arises out of default on a student loan made by the United States Department of Education ("Department") under the William D. Ford Federal Direct Loan Program. The Court will grant the Motion for Summary Judgment, because, based upon the undisputed record evidence, Plaintiff is entitled to judgment as a matter of law.

## I.  BACKGROUND

The following material facts are not in dispute: On February 21, 1996, Defendant executed a promissory note to secure student loans of $1,313.00 and $1,312.00 from the Department. (DE 8-2.) The loans, totaling $2,625.00, were disbursed. On February 16, 1998, Defendant defaulted on the loans; demand for payment was duly made. (DE-8-3.) Upon default, Plaintiff owed $321.99 in unpaid interest. (*Id.*) Defendant owes the United States $2,625.00 in unpaid principal, $2,175.71 in unpaid interest as of April 18, 2011 plus reasonable attorney's fees.

On March 11, 2011, Plaintiff filed suit. (DE-1.) Defendant was served on March 15, 2011.

(DE-4.) Defendant's Answer was filed on March 22, 2011. (DE-5.) In her Answer, Plaintiff states that she believed that she would be receiving a grant, not a loan. (DE-5.) However, immediately above Plaintiff's signature on the Promissory Note its states "I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY." (DE-8-2.)

On April 21, 2011, Plaintiff filed its motion for summary judgment, with affidavits to support a claim of $580.00 in attorney's fees. (DE-8-4.) Defendant did not file a response to Plaintiff's motion for summary judgment.

## II.    LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that where "the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Trustees of Central Pension Fund of International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (emphasis in original) (quotations omitted). Summary Judgment is appropriate "where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotations and citations omitted). Pursuant to Local Rule 7.5, Plaintiff's statement of undisputed facts is deemed to be admitted, but the Court must review Plaintiff's citations to the record to determine whether there is evidence to support Plaintiff's facts and to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Hebert*, 527 F.3d 1253, 1269 (11th 2008).

## III.    CONCLUSION

Upon review of the record, including the Promissory Note and Certificate of Indebtedness,

the Court concludes that the record does not reveal a genuine issue of material fact that would preclude entry of summary judgment.  Defendant secured federal student loans totaling $2,625.00 and signed a Promissory Note recognizing the indebtedness and that the money was received as a loan.  Defendant defaulted on the loans.  The Plaintiff seeks $5,380.71, consisting of $2,625.00 in unpaid principal, $2,175.71 in unpaid interest as of April 18, 2011, and reasonable attorney's fees of $580.00.  The Court is satisfied that summary judgment is appropriate and will enter final judgment in favor of Plaintiff in the amount stated above.  Accordingly, it is hereby

ORDERED that

(1) The United States of America's Motion for Summary Judgment [DE-8] is GRANTED.

(2) The Court shall enter judgment in a concurrently filed order.

(3) This CASE IS CLOSED.

(4) All motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this ___7ᵗʰ___ day of June, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    *Pro se* parties